```
UNITED STATES DISTRICT COURT                        NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOYCE DENNIS,                                   :
                                                :
                           Plaintiff,           :   MEMORANDUM AND ORDER
                                                :
         - against -                            :   10-CV-5042 (JG)
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                           Defendant.           :
---------------------------------------------------------------x
---------------------------------------------------------------x
JOYCE DENNIS,                                   :
                                                :
                           Plaintiff,           :
                                                :
         - against -                            :   10-CV-5044 (JG)
                                                :
CENTRAL INTELLIGENCE AGENCY,                    :
                                                :
                           Defendant.           :
---------------------------------------------------------------x
---------------------------------------------------------------x
JOYCE DENNIS,                                   :
                                                :
                           Plaintiff,           :
                                                :
         - against -                            :   10-CV-5045 (JG)
                                                :
FEDERAL BUREAU OF INVESTIGATION,                :
                                                :
                           Defendant.           :
---------------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

        Plaintiff Joyce Dennis brings these three *pro se* actions[1] pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order compelling the United States Department of Justice's Civil Rights Division (the "Department"), the Federal Bureau of Investigation (the "FBI") and the Central Intelligence Agency (the "CIA") to comply with FOIA

---

[1] The three complaints are consolidated solely for the purpose of this Order.

requests Dennis allegedly made to those agencies. By order dated November 18, 2010, I granted Dennis's requests to proceed *in forma pauperis*, dismissed her complaints and gave her 30 days in which to exhaust her administrative remedies with the defendant agencies and amend her complaints to reflect such exhaustion. Dennis's amended complaints fail to demonstrate that she has exhausted her administrative remedies. Accordingly, for the reasons discussed below, Dennis's complaints are dismissed.

DISCUSSION

A. *Dennis's Amended Complaints*

Attached to Dennis's amended complaints are letters from various U.S. governmental agencies in response to Dennis's FOIA requests. A letter dated June 23, 2010 from the Department states: "We have searched the indices of the Civil Rights Division's central filing system and the filing system covering correspondence received by this Division and located no Civil Rights Division documents pertaining to the subject of your request." Amended Compl. in No. 10-CV-5042, at 3. The letter also informs Dennis that she may appeal from the Department's decision by "writing, within sixty days, to the Director, Office of Information and Privacy," and notes that "[f]ollowing review by the Department, judicial review of the decision of the Attorney General is available." *Id.* at 4.[2] Dennis does not state in her complaint that she appealed from the Department's decision and there is no evidence of such appeal in her complaint or the materials attached thereto. A similar sequence of events underlies Dennis's action against the FBI: a letter dated July 7, 2010 from the FBI which Dennis attaches to her amended complaint states that, pursuant to FOIA "Exemptions 2 and 7(E), 5 U.S.C. §§ 552(b)(2)

---

[2] This amended complaint also states that Dennis contacted U.S. Senator Charles Schumer's office for information because she was enrolled in a school/training program in the Senator's area. Amended Compl. in No. 10-CV-5042, at 1. After receiving a letter from Senator Schumer's office in response to her request for information, *see id.* at 1, 2, Dennis telephoned a member of the Senator's staff and was told there was nothing the staff person could do to help Dennis obtain the requested information, *id.* at 1.

and (b)(7)(E), the FBI can neither confirm nor deny the existence of certain records which would tend to indicate whether a individual is or ever was listed on any government terrorist watch list." Amended Compl. in No. 10-CV-5045, at 2. The FBI's letter explains the procedure by which Dennis may appeal from this decision, *id.*, but there is no indication in Dennis's papers that she did so.

Dennis's amended complaint in her action against the CIA presents somewhat different facts. In that complaint, Dennis alleges that she "has written several letters to [the CIA], in addition to emails and faxes," and she attaches a fax transmission verification report dated June 18, 2010 to reflect such correspondence. Amended Compl. in No. 10-CV-5044, at 1-2. The fax number of the recipient of the June 18, 2010 transmission, however, is that of the FBI, not the CIA, suggesting that Dennis failed to perfect her FOIA request to the CIA. Therefore, there is no evidence in Dennis's amended complaint suggesting that she successfully communicated her request to the CIA in the first instance, let alone exhausted her administrative remedies with the CIA.

   B.  *Analysis*

Although failure to exhaust a FOIA claim does not deprive a court of subject matter jurisdiction over the claim, it does provide a "jurisprudential reason" for dismissal. *See, e.g., Schwarz v. Dep't of Justice*, No. 10 CV 0562, 2010 WL 2836322, at *2-3 (E.D.N.Y. July 14, 2010); *see also Manfredonia v. SEC*, No. 08 CV 1678, 2009 WL 4505510, at *5-6 (E.D.N.Y. Dec. 3, 2009) (declining to hold that failure to exhaust administrative remedies deprived court of subject matter jurisdiction, but dismissing unexhausted claims under Federal Rule of Civil Procedure 12(b)(6)). Accordingly, for this jurisprudential reason, I dismiss Dennis's claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) without prejudice to renewal after Dennis exhausts her administrative remedies with the defendants.

## CONCLUSION

Dennis's three complaints are hereby dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      January 31, 2011